Copy mailed to attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures. 7/15/05

U.S. DIST. COURT EAST DIST. WISC.
FILED
JUL 1 5 2005
AT_____ O'CLOCK_____ M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PENELOPE CLARKE, as Personal Representative of the Estate of Howard Pickard,

    Plaintiff,

v.                          Case No. 01-C-961

FORD MOTOR COMPANY and
FORD GENERAL RETIREMENT PLAN,

    Defendant.

## MEMORANDUM AND ORDER

In a previous decision in the present case, I ruled that defendant, Ford Motor Company, owed unpaid retirement benefits to plaintiff, Penelope Clarke, the personal representative of her deceased father, Howard Pickard. Clarke v. Ford Motor Co., 343 F. Supp. 2d 714 (E.D.Wis. 2004). The parties agree that defendant owes plaintiff benefits in the amount of $51,448.16, but disagree as to whether plaintiff is entitled to prejudgment interest and, if so, in what amount. In this memorandum, I address these questions.[1]

Although ERISA does not specifically provide for prejudgment interest, most federal courts have held that pursuant to the federal common law of ERISA a district court has discretion to award prejudgment interest to a successful ERISA plaintiff. See, e.g., Fritcher v. Health Care Serv. Corp., 301 F.3d 811, 820 (7th Cir. 2002). Awarding prejudgment interest promotes fairness by fully compensating a party for losses incurred as a result of delayed payment. Ziaee v. Vest, 916 F.2d 1204, 1208 (7th Cir. 1990) (stating that "[p]rejudgment interest compensates the prevailing party for the loss of use of money during the time between the wrong and the conclusion of the litigation"); see also Lorenzen v. Employees

---

[1] I assume familiarity with the underlying facts.

Ret. Plan of the Sperry & Hutchinson Co., 896 F.2d 228, 236 (7th Cir. 1990) (same). Prejudgment interest is also designed to prevent unjust enrichment. Trustmark Life Ins. Co. v. Univ. of Chicago Hosps., 207 F.3d 876, 885 (7th Cir. 2000). Finally, awarding prejudgment interest promotes efficiency by providing future litigants with an added incentive to take precautions when engaging in the activity that produced the judgment and by deterring delays in litigation. Michael S. Knoll, A Primer on Prejudgment Interest, 75 Tex. L. Rev. 293, 296-97 (1996). Thus, in an ERISA denial of benefits case, prejudgment interest is presumptively available to a successful ERISA plaintiff. Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692, 696 (7th Cir. 1991); see also Gorenstein Enters., Inc. v. Quality Care - USA, Inc., 874 F.2d 431, 436 (7th Cir. 1989). In the present case, I am unaware of any equitable factors weighing against an award of prejudgment interest. Plaintiff's father applied for benefits under a retirement plan, defendant denied his application, and plaintiff prevailed after litigating the issue. Thus, I will grant prejudgment interest to plaintiff.

I now turn to the question of when prejudgment interest should commence. Typically, prejudgment interest accrues "from the date of the loss or from the date on which the claim accrued." Am. Nat. Fire Ins. v. Yellow Freight Sys., Inc., 325 F.3d 924, 935 (7th Cir. 2003). Plaintiff argues that I should award prejudgment interest from March 1975, when her father became eligible for benefits, rather than from August 1, 1996, when he first applied for them. However, although I found that Pickard became eligible for benefits in March 1975, I also determined that "Ford was not obliged to commence payments . . . until he filed an application." Clarke, 343 F.Supp. 2d at 725. Because application was a condition of payment, plaintiff's claim did not accrue until her father applied for benefits and thereby triggered Ford's duty to pay them. Therefore, I will award pre-judgment interest to plaintiff commencing on August 1, 1996.

-2-

Turning to the rate of interest, the Seventh Circuit has suggested that in prejudgment interest cases district courts use the market rate and award compound interest. In re Oil Spill by the Amoco Cadiz off the Coast of France on Mar. 16, 1978, 954 F.2d 1279, 1333 (7th Cir. 1992). Further, in the absence of an applicable statutory interest rate, district courts may use the prime rate as a proxy for the market rate. Gorenstein Enters., 874 F.2d at 436. In the present case, there is no applicable statutory rate thus I will use the prime rate. However, because the prime rate has changed thirty two times since August 1, 1996, I will calculate a mean prime rate for the period between August 1, 1996, and the present. I will use a geometric mean which, unlike an arithmetic mean, takes into account the effect of compounding the interest. See Knoll, supra at 330. The prime rate assumes a quarterly compounding period, and thus I will compound the interest quarterly. Id. at 329. Based on the foregoing calculations, the applicable interest rate is 6.748%. Thus, as indicated on the attached spreadsheet, prejudgment interest totals $42,238.22. Thus, I will award judgment to plaintiff in the amount of $93,686.38, including $51,448.16 in benefits and $42,238.22 in interest.

Dated at Milwaukee, Wisconsin, this 15 day of July, 2005.

LYNN ADELMAN
District Court Judge

# APPENDIX A

| Compounding Period | Benefits at Beginning | Interest for Period | Benefits at End |
|---|---|---|---|
| 8/1/1996 - 10/31/1996 | 51,448.16 | 867.95 | 52,316.11 |
| 11/1/1996 - 1/31/1997 | 52,316.11 | 882.59 | 53,198.70 |
| 2/1/1997 - 4/30/1997 | 53,198.70 | 897.48 | 54,096.19 |
| 5/1/1997 - 7/31/1997 | 54,096.19 | 912.62 | 55,008.81 |
| 8/1/1997 - 10/31/1997 | 55,008.81 | 928.02 | 55,936.83 |
| 11/1/1997 - 1/31/1998 | 55,936.83 | 943.68 | 56,880.50 |
| 2/1/1998 - 4/30/1998 | 56,880.50 | 959.60 | 57,840.10 |
| 5/1/1998 - 7/31/1998 | 57,840.10 | 975.78 | 58,815.88 |
| 8/1/1998 - 10/31/1998 | 58,815.88 | 992.25 | 59,808.13 |
| 11/1/1998 - 1/31/1999 | 59,808.13 | 1,008.99 | 60,817.12 |
| 2/1/1999 - 4/30/1999 | 60,817.12 | 1,026.01 | 61,843.12 |
| 5/1/1999 - 7/31/1999 | 61,843.12 | 1,043.32 | 62,886.44 |
| 8/1/1999 - 10/31/1999 | 62,886.44 | 1,060.92 | 63,947.36 |
| 11/1/1999 - 1/31/2000 | 63,947.36 | 1,078.82 | 65,026.18 |
| 2/1/2000 - 4/30/2000 | 65,026.18 | 1,097.02 | 66,123.19 |
| 5/1/2000 - 7/31/2000 | 66,123.19 | 1,115.52 | 67,238.72 |
| 8/1/2000 - 10/31/2000 | 67,238.72 | 1,134.34 | 68,373.06 |
| 11/1/2000 - 1/31/2001 | 68,373.06 | 1,153.48 | 69,526.54 |
| 2/1/2001 - 4/30/2001 | 69,526.54 | 1,172.94 | 70,699.48 |
| 5/1/2001 - 7/31/2001 | 70,699.48 | 1,192.73 | 71,892.20 |
| 8/1/2001 - 10/31/2001 | 71,892.20 | 1,212.85 | 73,105.05 |
| 11/1/2001 - 1/31/2002 | 73,105.05 | 1,233.31 | 74,338.36 |
| 2/1/2002 - 4/30/2002 | 74,338.36 | 1,254.12 | 75,592.48 |
| 5/1/2002 - 7/31/2002 | 75,592.48 | 1,275.27 | 76,867.75 |
| 8/1/2002 - 10/31/2002 | 76,867.75 | 1,296.79 | 78,164.54 |
| 11/1/2002 - 1/31/2003 | 78,164.54 | 1,318.67 | 79,483.21 |
| 2/1/2003 - 4/30/2003 | 79,483.21 | 1,340.91 | 80,824.12 |
| 5/1/2003 - 7/31/2003 | 80,824.12 | 1,363.53 | 82,187.65 |
| 8/1/2003 - 10/31/2003 | 82,187.65 | 1,386.54 | 83,574.19 |
| 11/1/2003 - 1/31/2004 | 83,574.19 | 1,409.93 | 84,984.12 |
| 2/1/2004 - 4/30/2004 | 84,984.12 | 1,433.71 | 86,417.83 |
| 5/1/2004 - 7/31/2004 | 86,417.83 | 1,457.90 | 87,875.73 |
| 8/1/2004 - 10/31/2004 | 87,875.73 | 1,482.50 | 89,358.23 |
| 11/1/2004 - 1/31/2005 | 89,358.23 | 1,507.51 | 90,865.74 |
| 2/1/2005 - 4/30/2005 | 90,865.74 | 1,532.94 | 92,398.68 |
| 5/1/2005 - 7/15/2005 | 92,398.68 | 1,287.71 | 93,686.38 |
| 8/1/1996 - 7/15/2005 | 51,448.16 | 42,238.22 | 93,686.38 |

Interest Rate Used: 6.748%
Quarterly Interest Rate: 1.687%