# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PENELOPE CLARKE, as personal
representative of the Estate of Howard Pickard,**
        **Plaintiff,**

    v.                                                  Case No. 01-C-0961

**FORD MOTOR COMPANY, and
FORD GENERAL RETIREMENT PLAN,**
        **Defendants.**

### ORDER CORRECTING LANGUAGE IN 7/15/05 MEMORANDUM AND ORDER

In my July 15, 2005 memorandum and order in the above-captioned case (hereinafter "order"), I stated that "the parties agree that defendant owes plaintiff benefits in the amount of $51,448.16 but disagree . . ." concerning prejudgment interest. Pursuant to Fed. R. Civ. P. 59(e), Ford (I refer to defendants collectively as "Ford") asks me to amend the order to reflect that, although agreeing to the above-amount for settlement purposes, it did not admit liability. My recollection is the same as Ford's, and nothing in the record is to the contrary.

Rule 59(e) authorizes me to amend a judgment, and Fed. R. Civ. P. 54(a) defines a "judgment" as "any order from which an appeal lies." Because my July 15 order falls into such category, I may amend it pursuant to Ford's motion if I made "a manifest error of law or fact," Moro v. Shell Oil Co., 91 F.2d 872, 876 (7th Cir. 1996), and if Ford's motion is a "substantive" one designed to clear up issues prior to appeal. Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin, 957 F.2d 515, 517 (7th Cir. 1992). In the present case, both criteria are satisfied. To the extent that I indicated that Ford admitted

liability my statement contained an error of fact, and Ford's motion is a substantive one. Thus, I will amend the order so that the second sentence reads: "The parties agree that benefits total $51,448.16 but disagree" concerning prejudgment interest.

**SO ORDERED** at Milwaukee, Wisconsin, this 23 day of August, 2005.

/s_____
LYNN ADELMAN
District Judge